UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| CORY ADAMS,<br><br>    **Plaintiff,**<br><br>v.<br><br>WES C. BRENTON,<br><br>    **Defendant.** | CIVIL ACTION NO. 5:17-251-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on several motions filed by the plaintiff Cory Adams and other issue regarding the trial of this matter.

In his complaint, Adams asserts that he purchased a car from the defendant Wes C. Brenton, which Brenton represented was an original, rare, and valuable 1968 Chevrolet L88 Corvette coupe automobile. Adams paid Brenton $245,000 for the Corvette. Adams asserts that, a little over two months after the parties entered into a purchase agreement, a mechanic informed him that the car and, thus, its accompanying documents were forgeries. The car was not an original L88 Corvette. Adams asserts claims for breach of contract, breach of express warranties, violation of the Kentucky Consumer Protection Act, fraud, and conversion against defendant.

With his complaint, Adams demanded a jury trial on his claims. Likewise, Brenton demanded a jury trial in his answer. (DE 33, Answer.) In his most recent filing, Adams states that this matter should not be scheduled for a jury trial but should instead be scheduled for a bench trial. Pursuant to Federal Rule of Civil Procedure 38(d), however, this matter must remain set for a jury trial unless Brenton consents to Adams withdrawing

the jury trial demand. No such consent is in the record and Adams does not state that Brenton has consented to this matter being tried as a bench trial. Accordingly, this matter will remain set for jury trial. At a hearing conducted on September 12, 2017, the Court accepted the evidence presented as trial evidence. This evidence included the testimony of Adams' expert witness. At trial, Adams may present his expert's testimony to the jury by having the September 12, 2017 testimony read to the jury instead of calling the expert to testify again in the courtroom.

At a November 21, 2017 telephonic hearing, Brenton advised the Court that he intends to be his own expert at trial. The Court ordered him to file documentation supporting his qualifications as an expert (DE 39). Brenton filed the materials (DE 42) and Adams objects to Brenton's qualifications to testify as an expert (DE 43, Motion to Exclude.)

The issue in this case is whether Brenton intentionally misrepresented that the car he sold Adams was a 1968 L88 Corvette and that certain parts of the car were original. That is the basis for each of Adams' claims against Brenton (DE 1, Complaint, Counts I, II, III, IV, V, VI, VII, and VIII.) Brenton's position is that the car is, in fact, a 1968 L88 Corvette as he represented. (DE 36, Tr. at 6.) Brenton may certainly testify as to the basis of that belief, including any materials and experience he relied upon in forming it.

Nevertheless, the Court cannot recognize Brenton as an "expert" in the authentication of 1968 L88 Corvettes. Brenton's resume indicates he has experience restoring various kinds of vehicles including cars, airplanes, and boats. Brenton has also restored other Corvettes. Nevertheless, he has restored only one 1968 L88 Corvette, which is the car at issue in this case. He does not represent that he has any experience or education that would render him an expert on distinguishing an authentic 1968 L88 Corvette from an alleged forgery. Thus, Brenton does not qualify as an expert under Federal Rule of Evidence 702.

Adams' motion for preliminary injunction (DE 3) also remains pending. With it, Adams requests that the Court prohibit Brenton from using, transferring, or wasting the $245,000 he received as the purchase price for the automobile at issue. At the hearing on September 12, 2017, Adams represented that he has already spent all of the funds. He also testified, however, that he has no objection to the Court converting the temporary restraining order entered by the Court on June 9, 2017 (DE 4) into a preliminary injunction that would grant Adams the relief he seeks. (DE 36, Tr. at 89, 101.) Accordingly, the Court will enter a preliminary injunction containing the relevant portions of the temporary restraining order, although the Court recognizes that the funds at issue may no longer be in Brenton's possession.

For all these reasons, the Court hereby ORDERS as follows:

1) Adams motion to exclude (DE 43) Brenton from testifying as his own expert at trial is GRANTED;

2) Adams' motion for a preliminary injunction (DE 3) is GRANTED. The terms of the injunction will be set forth in a separate order;

3) Adams' first motion for a hearing to convert temporary restraining order to a preliminary injunction (DE 13) is DENIED as moot, Adams having filed a second motion (DE 19) requesting the same relief on August 21, 2017;

4) Adams' second motion for a hearing to convert the temporary restraining order to a preliminary injunction (DE 19) is DENIED as moot, the Court having conducted a hearing on the matter on September 12, 2017;

5) Adams' motion for sanctions is DENIED (DE 18), Brenton having filed the bank records at issue and having been questioned about them by Adams at the September

12, 2017 hearing and the Court having orally ordered Brenton to produce supplementary materials regarding the bank record to Adams; and

6) this matter remains set for a jury trial. **The jury trial will commence June 11, 2018 at 9:00 a.m. with counsel and parties to be present at 8:30 a.m.**

Dated March 6, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY