UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| CORY ADAMS,<br>    **Plaintiff,**<br><br>v.<br><br>WES C. BRENTON,<br>    **Defendant.** | CIVIL ACTION NO. 5:17-251-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for partial summary judgment (DE 54) filed by plaintiff Cory Adams. With his motion, Adams asks the Court to find defendant Wes C. Brenton liable on all of the claims asserted against him. For the following reasons, the motion will be granted as to all of Adams' claims except his claim for conversion.

Adams purchased a car from the defendant Brenton, which Brenton represented was an original, rare, and valuable 1968 Chevrolet L88 Corvette. Adams paid Brenton $245,000 for the Corvette. After the parties entered into a purchase agreement, an expert in the authentication of 1968 L88 Corvettes, informed Adams that the car and its accompanying documents were forgeries; the car was not an original L88 Corvette. Adams asserts claims for breach of contract, breach of express warranty, violation of the Kentucky Consumer Protection Act, fraud, and conversion against Brenton.

At a hearing conducted on September 12, 2017, Adams presented expert testimony that the car is not a 1968 L88 Corvette. Kevin Mackay owns a company called Corvette Repair, Inc., which specializes in restoring Classic Corvettes. Mackay testified that he has over 33 years of experience in restoring classic Corvettes. (DE 36, Hr'g Tr. at 34.) He

testified that only 80 1968 L88 Corvettes were manufactured, that less than 70 still exist, and that he knows where most of them are located. (DE 36, Hr'g Tr. at 35, 36.) He testified that in the last year alone his company restored 14 1968 L88 Corvettes. He testified that he was very familiar with the L88 program, especially from 1967 to 1969, and that he was able to determine whether a car was an original L88 or not. (DE 36, Hr'g Tr. at 35.) The Court recognized him as an expert on this issue. (DE 36, Hr'g Tr. at 36.)

Mackay testified that an L88 that is actually made at the factory is called a "factory" car. He testified that there are cars that are made to look like factory cars called "recreation," "clone", or "tribute" cars. (DE 36, Hr'g Tr. at 40.) He testified that a buyer would pay between $250,000 and $450,000 for an unrestored factory 1968 L88 Corvette and between $500,000 and $880,000 for a restored one. (DE 36, Hr'g Tr. at 41.) On the other hand, he testified that an unrestored "regular Corvette" would cost maybe $10,000. (DE 36, Hr'g Tr. at 41.)

Mackay testified that, within the last year, he had a client who was interested in buying the car that Brenton represented was a 1968 L88 Corvette. (DE 36, Hr'g Tr. at 37.) Mackay testified that he examined the car on behalf of his client and that he determined it was not a factory car. Instead it was a "tribute" car or "recreation" of the 1968 L88 Corvette. (DE 36, Hr'g Tr. at 42, 45, 76-77.) He testified that he informed Brenton via a phone conversation and via text that his car was not a 1968 L88 Corvette before Brenton sold the car to Adams. (DE 36, Hr'g Tr. at 43-45.)

The sole evidence that Brenton has presented that the car is actually a 1968 L88 Corvette is his own testimony. He advised the Court that he intends to be his own expert on the issue. The Court has ruled, however, that it cannot recognize Brenton as an expert in the authentication of 1968 L88 Corvettes. (DE 51, Opinion and Order.) Brenton's resume

2

indicates he has experience restoring various kinds of vehicles including cars, airplanes, and boats. Brenton has also restored other Corvettes. Nevertheless, he has worked on only one 1968 L88 Corvette, which is the car at issue in this case. He does not represent that he has any experience or education that would render him an expert in distinguishing an authentic 1968 L88 Corvette from an alleged forgery.

In this diversity case, whether expert testimony is required to establish the authenticity of the car Brenton sold Adams is governed by Kentucky law. *Beaudette v. Louisville Ladder, Inc.*, 462 F.3d 22, 27 (1st Cir. 2006). Under Kentucky law, "[i]f the subject matter of an issue in litigation is not common knowledge, then expert testimony is proper." *Baptist Healthcare Sys., Inc. v. Miller*, 177 S.W.3d 676, 680 (Ky. 2005). Determining whether the car at issue in this case is an actual 1968 L88 Corvette is not "within the scope of common experience of jurors." *Id*. Thus, the parties must submit expert testimony in order to create a factual dispute on this issue. *Id*

Because the only expert testimony in this case establishes that the car Brenton sold Adams is not a 1968 L88 Corvette, Adams is entitled to summary judgment on his claims that Brenton breached his agreement to sell Adams a 1968 L88 Corvette and breached the express warranty that the car was authentic.

As to Adams' claims that Brenton violated the Kentucky Consumer Protection Act, that act prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS § 367.170. It is undisputed that Mackay, an expert in the authentication of 1968 L88 Corvettes, informed Brenton that his car was not authentic before Brenton sold it to Adams. Whether Brenton believed Mackay or not, it was at least misleading and deceptive to sell Adams the car without informing him of Mackay's opinion that the car was not the rare and valuable Corvette that Adams represented it to be.

3

Accordingly, Adams is entitled to summary judgment on his claim that Brenton violated the KCPA.

Likewise, Adams is entitled to summary judgment on his claim that Brenton committed fraud by failing to disclose Mackay's opinion to Adams before Adams bought the car. "A duty to disclose may arise from a fiduciary relationship, from a partial disclosure of information, or from particular circumstances such as where one party to a contract has superior knowledge and is relied upon to disclose same." *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 129 (Ky. Ct. App. 1998). Brenton represented to Adams that the car was a 1968 L88 Corvette. Having made that representation, he had a duty to disclose Mackay's expert opinion that the car was not authentic. Adams testified that he relied on Brenton's representation that the car was a 1968 L88 Corvette in deciding to pay the $245,000 for it. (DE 36, Hr't Tr. at 21.) The misrepresentation was material. Mackay's testimony established that the car was not worth $245,000 if it was not an actual 1968 L88 Corvette but was instead worth maybe $10,000. Adams testified that, after he purchased the car, he retained Mackay to inspect it. (DE 36, Hr'g Tr. at 23.) He testified that he would not have purchased the car had he known before he purchased it of Mackay's opinion that the car was not authentic. (DE 36, Hr'g Tr. at 23-25.)

For the same reasons, Adams is entitled to summary judgment on his claim that Brenton committed fraud in representing to him that the car was an authentic 1968 L88 Corvette. Whether Adams believed Mackay's opinion that the car was not authentic or not, it was at least reckless for him to represent that it was authentic when he knew of Mackay's expert opinion to the contrary. *See Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. Ct. App. 2007) (stating that a plaintiff seeking to prevail on a claim of fraud must establish by clear and convincing evidence: (1) that the declarant made a

material misrepresentation to the plaintiff, (2) that this misrepresentation was false, (3) that the declarant knew it was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff.")

As to Adams' claim for conversion, in Kentucky, "a plaintiff cannot maintain a conversion claim in addition to a breach of contract claim unless [he] can establish the existence of an independent legal duty separate and apart from the contractual obligation." *Beacon Enter. Sols. Grp., Inc. v. MDT Labor, LLC*, No. 3:12-CV-00759-H, 2013 WL 253134, at *4 (W.D. Ky. Jan. 23, 2013) (quoting *First Const., LLC v. Gravelroad Entm't.*, LLC, 2008 WL 2038878, at *5 (E.D.Ky. May 12, 2008)). The property that Adams alleges Brenton wrongfully converted for Brenton's own use is the $245,000 that Adams paid for the car. Adams' right to the $245,000 depends entirely on whether Brenton breached his obligations under the contract. Adams has not even alleged that he sustained tort damages or a loss independent of the contract damages. *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 854 (Ky. Ct. App. 2014). Accordingly, Adams is not entitled to summary judgment on the conversion claim and the claim should likely be dismissed. *See also Davis v. Siemens Med. Sols. USA, Inc.*, 399 F. Supp. 2d 785, 801 (W.D. Ky. 2005), *aff'd*, 279 F. App'x 378 (6th Cir. 2008); *First Tech. Capital, Inc. v. BancTec, Inc.*, No. 5:16-CV-138-REW, 2017 WL 4296339, at *11 (E.D. Ky. Sept. 26, 2017), *on reconsideration*, No. 5:16-CV-138-REW, 2018 WL 662485 (E.D. Ky. Feb. 1, 2018); *Duracore Pty Ltd. v. Applied Concrete Tech., Inc.*, No. 5:13-CV-184-TBR, 2016 WL 3620793, at *5-*6 (W.D. Ky. June 28, 2016); *Premiertox 2.0, Inc. v. Coventry Health & Life Ins. Co.*, No. 115CV00127GNSHBB, 2016 WL 1421002, at *4 (W.D. Ky. Apr. 8, 2016), *reconsideration denied*, No. 115CV00127GNSHBB, 2016 WL 3676774 (W.D. Ky. July 7, 2016).

For all these reasons, the Court hereby ORDERS as follows:

1) Adams' motion for partial summary judgment (DE 54) is GRANTED in part and DENIED in part as follows:

   a) the motion is GRANTED as to Adams' claims for breach of contract, breach of warranty, violation of the KCPA, fraudulent concealment, and fraudulent misrepresentation. The Court Orders and Adjudges that Brenton is liable to Adams as a matter of law on all of these claims; and

   b) the motion is DENIED as to Adams' conversion claim.

Dated June 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY