UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| **CORY ADAMS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**WES C. BRENTON,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 5:17-251-KKC**<br><br><br>**<u>OPINION AND ORDER</u>** |

\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the motion for summary judgment as to damages (DE 66) filed by plaintiff Cory Adams. By opinion dated June 4, 2018 (DE 61), this Court granted Adams summary judgment on his claims for breach of contract, breach of express warranty, violation of the Kentucky Consumer Protection Act, and fraud. With this motion, Adams asks the Court to award him compensatory damages of $235,000; attorneys' fees of $40,385.35; and pre- and post-judgment interest. For the following reasons, the Court will grant all of the relief requested except for the award of pre-judgment interest.

There is no dispute that Adams purchased a car from defendant Wes C. Brenton, which Brenton represented was an original, rare, and valuable 1968 Chevrolet L88 Corvette. Adams paid Brenton $245,000 for the car. The primary issue in this case was whether the car that Brenton sold Adams actually is an original 1968 Chevrolet L88 Corvette as Brenton represented. At a hearing conducted on September 12, 2017, Adams presented expert testimony by Kevin Mackay that the car is not actually a 1968 L88 Corvette. Moreover, Mackay testified that he informed Brenton that his car was not authentic before Brenton sold the car to Adams.

The sole evidence that Brenton presented that the car is a 1968 L88 Corvette was his own testimony. The Court had previously ruled that it could not recognize Brenton as an expert in the authentication of 1968 L88 Corvettes. (DE 51, Opinion and Order.) Further, the Court determined that authenticating a 1968 L88 Corvettes is not something that it within the common experience of jurors and, thus, expert testimony was required on the issue.

Accordingly, the Court determined Adams was entitled to summary judgment on his claims for breach of contract, breach of express warranty, violation of the Kentucky Consumer Protection Act, and fraud. The Court denied Adams' motion for summary judgment on his conversion claim.

As to damages, Adams asserts that he is entitled to compensatory damages of $235,000. There is no dispute that he paid Brenton $245,000 for the car. Mackay testified that the car that Brenton sold Adams is actually worth about $10,000. (DE 36, Tr. at 41.) Accordingly, Adams is entitled to compensatory damages of $235,000. This amount will put Adams in the same position he would been in had Brenton performed the contract. *Perkins Motors, Inc. v. Autotruck Fed. Credit Union*, 607 S.W.2d 429, 430 (Ky. Ct. App. 1980) ("It is well established in this jurisdiction that the measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed.")

In addition, the Court may award Adams reasonable attorney's fees and costs under the KCPA. Ky. Rev. Stat. Ann. § 367.220(3). One reason for this provision is to "compensate the prevailing party for the expense of bringing an action under the statute." *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000) (quotation and citation omitted). A second reason for the provision "is to provide attorneys with incentive for representing litigants who

assert claims which serve an ultimate public purpose (*i.e.*, a deterrent to conduct resulting in unfair trade practices which perpetrate fraud and deception upon the public)." *Id.* Awarding Adams attorney's fees will serve both purposes in this case. Adams has presented uncontroverted evidence that he incurred attorney's fees and costs of $40,385.35 to obtain a judgment against Brenton. That amount is reasonable. Further, Adams made every effort to resolve this matter without litigation and to minimize attorney time and expenses after this action commenced. This fee award is sufficient to meet the two goals of the KCPA attorney's fees provision.

As to Adam's request for pre- and post-judgment interest, "in diversity cases in this Circuit, federal law [i.e., § 1961] controls post-judgment interest even while state law governs awards of prejudgment interest." *Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 F. App'x 246, 260 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir.2005)).

The "longstanding rule" in Kentucky "is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) (citing *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991) ). "Precisely when the amount involved qualifies as 'liquidated' is not always clear, but in general 'liquidated' means "made certain or fixed by agreement of parties or by operation of law. Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991) (quotations and citation omitted).

In determining whether a claim is liquidated or unliquidated, "one must look at the nature of the underlying *claim*, not the final award." *3D Enterprises*, 174 S.W.3d at 450.

"Liquidated claims are 'of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values.'" *Id.* (quoting 22 Am.Jur.2d Damages § 469 (2004)). Examples include "a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d at 141. In contrast, an unliquidated damages claim is one which has "not been determined or calculated, ... not yet reduced to a certainty in respect to amount." *Id.* (citations omitted). "An unliquidated claim is unspecified and undetermined prior to a breach." *Ford Contracting, Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 414 (Ky. Ct. App. 2014). In determining whether a claim is liquidated or unliquidated, "one must look at the nature of the underlying *claim*, not the final award." *3D Enterprises*, 174 S.W.3d at 450.

Adams' breach of contract claim is not a liquidated claim. While the amount that Adams was required to pay Brenton under the contract is stated in the contract, that amount must be offset by the value of the car that Brenton gave Adams in exchange for the $245,000. The parties never agreed upon that value. There is no evidence of a "known standard of value" or "well-established market values" for the car that Adams received. "The contract does not contain a certain computation that could be used to readily ascertain such value[]." *Ford Contracting, Inc.*, 429 S.W.3d at 414. The amount owed by Brenton was not known until the value of the car he gave Adams was established through expert testimony. *See Whitlow Const. & Dev., Inc. v. Kentucky Bank*, No. 2007-CA-000507-MR, 2009 WL 960732, at *6 (Ky. Ct. App. Apr. 10, 2009) (affirming trial court's denial of pre-judgment interest

4

because, "[p]rior to and during the litigation, the parties disagreed as to the amount of credit to be given for work on the teller line which was not determined until the court found the amount to be $44,632, based on the Bank's witness's testimony.")

While the Court has discretion to award pre-judgment interest on an unliquidated claim, Adams provides the Court with no reason that pre-judgment interest is appropriate in this case and the Court finds no such reason.

Post-judgment interest, on the other hand, is required by federal statute: "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . ." 28 U.S.C. § 1961 (1988). "This provision mandates the imposition of post-judgment interest, thus removing the award of such interest from the discretion of the District Court." *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir.1982).

For all these reasons, the Court hereby ORDERS that Adams' motion for summary judgment as to damages (DE 66) is GRANTED as to all relief requested other than pre-judgment interest. A judgment consistent with this opinion will be entered.

The Court further ORDERS that the Clerk of the Court SHALL add the following address to the docket as Brenton's address of record: 1659 16th St., Oroville, CA 95965. The Clerk of the Court SHALL DELIVER all papers to Brent at both addresses of record for him.

Dated November 13, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY