Eastern District of Kentucky
F I L E D

JUN 07 2019

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CORY ADAMS,

    Plaintiff,

v.

WES C. BRENTON,

    Defendant.

CIVIL ACTION NO. 5:17-251-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the writ of execution (DE 76) tendered by plaintiff Cory Adams.

On November 13, 2018, the Court entered judgment in Adams' favor on his claims against defendant Wes C. Brenton for breach of contract, breach of express warranty, violation of the Kentucky Consumer Protection Act, and fraud. In short, the Court found there could be no dispute that Brenton sold Adams a car, falsely representing that the car was a rare and valuable Chevrolet L88 Corvette. The Court adjudged Brenton liable to Adams for compensatory damages of $235,000 plus interest and attorney's fees of $40,385.35. Brenton did not appeal the judgment. Accordingly, the judgment is final.

By prior opinion and order (DE 75), the Court granted Adams' motion to enforce the judgment in this case (DE 71).

Pursuant to Federal Rule of Civil Procedure 69, the procedure for executing on a judgment must accord with the procedure in Kentucky. Fed. R. Civ. P. 69(a)(1). In its prior opinion, the Court determined that the following transfers by defendant Wes Brenton to

Ashely Rayne Brenton were voidable under the Kentucky Uniform Voidable Transactions Act (KUVTA), KRS 378A.050(1):

> a) $19,350 cash transferred by defendant Wes Brenton to his daughter Ashley Rayne Brenton;
>
> b) the jumping horse purchased by defendant Brenton for Ashley Rayne Brenton; and
>
> c) the Louis Vuitton purse defendant Brenton purchased for Ashley Rayne Brenton.

The KUVTA provides that a creditor like Adams with a judgment against his debtor can levy execution on the assets that were transferred. KRS 378A.070(2). Accordingly, the Court ordered Adams to tender a writ of execution conforming to the Court's order, and Adams has now tendered a writ.

Pursuant to KRS 427.010(1), however, certain personal property is exempt from execution and attachment. This includes "personal clothing and ornaments not to exceed three thousand dollars ($3,000)." It would appear that the Louis Vuitton purse would fall under this exemption. Under the same statute, livestock "of a person engaged in farming" is exempt from execution and attachment. The jumping horse may be exempt under this provision.

In addition, the writ tendered by Adams indicates that the cash transferred by Brenton to Ashley Rayne Brenton is located at a residence, not in a bank account. Prior to authorizing the U.S. Marshal to seize cash from the property, the Court will require Adams to explain the basis for his assertion that the $19,350 transferred by Brenton to Ashley Rayne Brenton is located at the residence.

Accordingly, the Court hereby ORDERS that, within seven days of the entry date of this order, Adams SHALL FILE into the record of this matter a brief that:

> 1) explains why the Louis Vuitton purse and the jumping horse are not exempt from execution and attachment under Kentucky law; and
>
> 2) sets forth the basis for his assertion that the $19,350 transferred by the defendant to Ashley Rayne Brenton is currently located at 1161 Wood Ridge Rd., Lexington, KY.

Counsel for Ashley Rayne Brenton has recently filed an appearance in this matter. If she wishes to file a response to any filing by Adams, she MUST DO SO within seven days of Adams' filing.

This 7th day of June 2019.



Signed By:
Karen K. Caldwell
United States District Judge