UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CORY ADAMS,                              CIVIL ACTION NO. 5:17-251-KKC

        Plaintiff,

v.                                        OPINION AND ORDER

WES C. BRENTON,

        Defendant.

*** *** ***

This matter is before the Court on the writ of execution (DE 76) tendered by plaintiff
Cory Adams.

On November 13, 2018, the Court entered judgment in Adams' favor on his claims
against defendant Wes C. Brenton for breach of contract, breach of express warranty,
violation of the Kentucky Consumer Protection Act, and fraud. In short, the Court found
there could be no dispute that Brenton sold Adams a car, falsely representing that the car
was a rare and valuable Chevrolet L88 Corvette. The Court adjudged Brenton liable to
Adams for compensatory damages of $235,000 plus interest and attorney's fees of
$40,385.35. Brenton did not appeal the judgment. Accordingly, the judgment is final.

By prior opinion and order (DE 75), the Court granted Adams' motion to enforce the
judgment in this case (DE 71).

Pursuant to Federal Rule of Civil Procedure 69, the procedure for executing on a
judgment must accord with the procedure in Kentucky. Fed. R. Civ. P. 69(a)(1). In its prior
opinion, the Court determined that the following transfers by defendant Wes Brenton to

Ashely Rayne Brenton were voidable under the Kentucky Uniform Voidable Transactions Act (KUVTA), KRS 378A.050(1):

a) $19,350 cash transferred by defendant Wes Brenton to his daughter Ashley Rayne Brenton;

b) the jumping horse purchased by defendant Brenton for Ashley Rayne Brenton; and

c) the Louis Vuitton purse defendant Brenton purchased for Ashley Rayne Brenton.

The KUVTA provides that a creditor like Adams with a judgment against his debtor can levy execution on the assets that were transferred. KRS 378A.070(2). Accordingly, the Court ordered Adams to tender a writ of execution conforming to the Court's order, and Adams has now tendered a writ.

Pursuant to KRS 427.010(1), however, certain personal property of "an individual debtor" is exempt from execution and attachment. Further, the writ tendered by Adams indicates that the cash transferred by Brenton to Ashley Rayne Brenton ("Ashley") is located at a residence, not in a bank account.

The Court ordered Adams to file a brief addressing the following issues:

1) why the Louis Vuitton purse and the jumping horse are not exempt from execution and attachment under Kentucky law; and

2) the basis for Adams' assertion that the $19,350 transferred by the defendant to Ashley Rayne Brenton is currently located at 1161 Wood Ridge Rd., Lexington, KY.

Adams has filed a brief (DE 80) addressing these issues and counsel for Ashley has filed a response brief (DE 81).

As to the Louis Vuitton purse, among the items that KRS 427.010(1) exempts from execution and attachment is "personal clothing and ornaments not to exceed three thousand dollars ($3,000) in value."

Adams argues this provision does not apply to the purse because Ashley is not "an individual debtor" for purposes of the statute. Instead, Adams argues, Ashley is the recipient of fraudulent transfers by the individual debtor. The purpose of the KUVTA, however, is to permit a judgment creditor to set aside a fraudulent transfer; and to levy execution on an individual debtor's fraudulently transferred asset as if the asset had never been transferred. KRS 378A.070(2). Thus, the purse is treated as if it still belongs to Brenton, not Ashley.

The procedure by which a judgment creditor like Adams enforces a judgment against a judgment debtor like Brenton is set forth in Title XXXIX of the Kentucky Revised Statutes. That title includes Chapter 426 (Enforcement of Judgments) and KRS 427.010 which exempts certain personal property, including "personal clothing and ornaments" from execution and attachment. Those terms are defined under the statute to include "personal effects." KRS 427.005(4). A purse is a "personal effect."

Adams argues that exempting the purse from execution and attachment is against public policy. But Kentucky's public policy regarding which assets of a judgment debtor should be exempt from execution and attachment is expressed in the statute. It exempts certain "personal effects" from execution and attachment including a purse.

Finally, Adams argues that the purse should not be exempt from execution and attachment because Ashley agreed to give him the purse. The issue for the Court, however,

is whether the purse is exempt from execution and attachment under the statute. Ashley's agreement to give it to Adams is irrelevant to that determination.

As to the jumping horse, Ashley has filed an affidavit stating that she sold the horse on October 11, 2017 to an individual named Katie Dickerson. Accordingly, the Court will not issue a writ of execution authorizing the U.S. Marshal to seize the jumping horse from Ashley's possession at the last known location of Top Venture West, LLC. There is no basis for any finding that the horse is located there.

As to the $19,350 in cash, Ashley has filed an affidavit stating that the only money she has in her possession is in her checking account and totals $223.71. Accordingly, the Court will not issue a writ of execution authorizing the U.S. Marshal to seize $19,350 in cash from Ashley's residence. There is no basis for any finding that any cash is located at the residence.

Dated September 25, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY